**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2328**

ALLORA, LLC,

        Plaintiff - Appellee,

    and

DONALD A. GARDNER ARCHITECTS, INCORPORATED,

        Plaintiff,

    v.

CAMBRIDGE BUILDERS OF JOHNSTON COUNTY, INC.,

        Defendant - Appellant,

    and

BRYAN VANDERPOOL; TOMMY DEES; CAMBRIDGE BUILDERS, INC.;
GROVER THOMAS DEES, JR.; WILLIAM C. DEES, by and through
Denise S. Dees and Grover T. Dees as Representatives of the
Estate of William C. Dees,

        Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
Senior District Judge. (5:08-cv-00590-H)

Submitted:  June 13, 2013          Decided:  July 9, 2013

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

W. Thad Adams, III, Lance A. Lawson SHUMAKER LOOP & KENDRICK, LLP, Charlotte, North Carolina, for Appellant.  Mark W. Bakker, Wallace K. Lightsey, WYCHE, P.A., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal presents a challenge to an award of attorneys' fees in a copyright infringement case. For the reasons that follow, we affirm the judgment.

I.

As relevant here, Allora, LLC, sued Cambridge Builders of Johnston County, Inc. ("CBJC"), in the Eastern District of North Carolina for infringement of a copyrighted home design.[1] Following the grant of summary judgment in its favor on the question of liability, Allora proceeded to trial against CBJC on the sole issue of damages. The jury returned a verdict awarding Allora $99,565.00 -- the profits deemed attributable to CBJC's improper use of Allora's architectural plan.

Allora then moved the district court for $308,269.57 in attorneys' fees and costs. The court determined that an award was appropriate, but it found some of the rates and hours requested "to be a bit excessive under the circumstances of this case," arriving at an award of $209,027.62 -- $208,667.25 for

---

[1] While another plaintiff, several defendants, and numerous claims were involved in this litigation below, the only issue before this court on appeal relates to the award of fees and costs pertaining to the listed entities and claim.

3

reasonable fees and $360.37 for certain costs.[2]  CBJC appeals

only the fee component of the award.


                              II.

     The Copyright Act provides as follows:

     In any civil action under this title, the court in its
     discretion may allow the recovery of full costs by or
     against any party other than the United States or an
     officer thereof.  Except as otherwise provided by this
     title, the court may also award a reasonable
     attorney's fee to the prevailing party as part of the
     costs.

17 U.S.C. § 505.  We review an award of attorneys' fees under

the Copyright Act for an abuse of discretion.  Diamond Star

Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994).  Factual

findings may be reversed only if they are clearly erroneous.

Id.

     As an initial matter, we have no doubt that the district

court properly concluded that Allora constitutes a "prevailing

party" eligible to receive a fee award under the Copyright Act

in the first place.  The Supreme Court has defined "prevailing

party" in the fee-shifting context to mean a "party in whose

favor a judgment is rendered, regardless of the amount of

damages awarded."  Buckhannon Bd. & Care Home, Inc. v. W. Va.

---

     [2] The court later issued another order awarding Allora an
additional $3,295.14 in costs.

4

Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (internal quotation marks omitted). As the district court stated:

> Allora defeated the defendants' motion for summary judgment and prevailed on its own motion for partial summary judgment, the court finding no genuine issue of material fact that Allora owned a valid copyright in the [contested] design and that CBJC copied the plan without Allora's authorization. At a jury trial solely on the issue of damages, Allora once again prevailed, obtaining an award of almost $100,000 in actual damages and disgorged profits notwithstanding CBJC's evidence and arguments that it had not profited from the infringement.

Allora plainly satisfies the definition of a prevailing party.

Next, the district court correctly identified this circuit's four-prong standard for determining whether fees should be awarded to a prevailing party in a copyright case. Specifically, a court ought to consider "(1) 'the motivation of the parties,' (2) 'the objective reasonableness of the legal and factual positions advanced,' (3) 'the need in particular circumstances to advance considerations of compensation and deterrence,' and (4) 'any other relevant factor presented.'" Diamond Star, 30 F.3d at 505-06 (quoting Rosciszewski v. Arete Assocs., 1 F.3d 225, 234 (4th Cir. 1993)); see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

Noting that it had "carefully considered all relevant factors," the district court found Allora's motivations "pure" and its legal and factual positions "reasonably sound." By contrast, the court reasoned that CBJC's "utter failure to

5

consider settlement, even after the court's summary judgment ruling," shows that it "may not have been acting in good faith in continuing to litigate." The court also characterized a number of CBJC's contentions as "questionable" and, finally, noted the "egregious nature" of the underlying infringement. We have no reason to believe the district court's characterization was anything but sound.

Finally, as for the amount of a fee award under the Copyright Act, the district court again cited and applied the correct legal principles. In particular, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983) -- an approach to fee determination known as the "lodestar" method. Numerous considerations may prove pertinent to arriving at a final figure, among them:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

6

<u>Robinson v. Equifax Info. Servs.</u>, 560 F.3d 235, 243-44 (4th Cir. 2009).

The district court proceeded through the relevant factors with care, delivering a fair assessment of how each weighed in calculating the ultimate award. For example, although the court noted that "copyright law is a complex area," it also stated that "this particular case was not especially complex or novel in light of the blatant nature of the infringement." Moreover, the court did not blindly grant Allora's motion seeking over $300,000 in fees and costs but, rather, adjusted the award downward -- to approximately $200,000 -- in order to render the judgment "reasonable" with respect to both the expended hours and the assigned rates.

In conclusion, the district court applied the lodestar method in a sound manner under the circumstances of this case, and we accordingly find no abuse of discretion. The trial judge was familiar with both the pre-trial and trial proceedings and was thus in the best position to determine a reasonable award amount -- including with respect to CBJC's primary arguments on appeal, which relate to the degree of success obtained by Allora and the adequacy of the evidence supporting the fee petition.

III.

The Supreme Court has cautioned that a "request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. Notwithstanding appellant's attempt to make this matter exactly that, we find no error in the district court's careful assessment of what constitutes a reasonable award in this case. The judgment is therefore affirmed.

AFFIRMED